## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:_____

ANTONIO RODRIGUEZ,

     Plaintiff,

v.

RANSOM EVERGLADES SCHOOL,
a Florida Not For Profit Corporation,

     Defendant.

_____/

### NOTICE OF REMOVAL

Defendant RANSOM EVERGLADES SCHOOL ("Ransom Everglades"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby gives notice of removal of an action pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, styled *Antonio Rodriguez v. Ransom Everglades School, Inc., a Florida Not For Profit Corporation,* Case No.: 2019-017101-CA-01 to the United States District Court for the Southern District of Florida, being the district within which that action is presently pending. As grounds for removal, Ransom Everglades states as follows:

### Introduction

1.     On or about June 6, 2019, Plaintiff filed a Complaint with the 11th Judicial Circuit in and for Miami-Dade County, Florida, alleging claims for national origin discrimination, race discrimination, and retaliation in Violation of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)) ("Title VII").

1

2.      On June 21, 2019, Ransom Everglades was served with the Complaint in this action. This is the only pleading Plaintiff has served on Ransom Everglades in this action.

3.      This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

4.      Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Composite Exhibit A** are copies of Plaintiff's Complaint and all state court process, pleadings, and orders served upon Defendants or maintained in the state court civil action.

5.      This Notice is filed within thirty (30) days of Ransom Everglades having been served with the Complaint. *See* 28 U.S.C. § 1446(b).

### Plaintiff's Complaint Raises a Substantial Question of Federal Law

6.      Title 28 U.S.C. § 1331 states that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Title 28 U.S.C. § 1441(a) further states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." *See* 28 U.S.C. § 1441(a). Thus, federal question jurisdiction is triggered where a federal question is presented on the face of a plaintiff's complaint. *See, e.g., Kemp v. Int'l Bus. Machines Corp.,* 109 F.3d 708, 712 (11th Cir. 1997).

7.      Plaintiff's Complaint alleges violations of Title VII. Complaint at ¶¶ 1, 32-44, 63-83. Specifically, Plaintiff states that this is an action for damages under "Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)) . . . to redress injury done to Plaintiff by the Defendant for discriminatory and retaliatory treatment on the basis of national origin and race" *See Id.* at ¶1.

2

Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

8.     Plaintiff, on the face of his Complaint, seeks relief based upon claims arising from federal law. Accordingly, this Court has original jurisdiction of this case under 28 U.S.C. § 1331, and this action is removable from state court pursuant to 28 U.S.C. § 1441(a).

### The Court Has Supplemental Jurisdiction Over Plaintiff's State Law Claims

9.     In the Complaint, Plaintiff also alleges claims against Defendant for national origin discrimination, race discrimination, and retaliation in violation of the Florida Civil Rights Act of 1992 ("FCRA"). Plaintiff's pendent state law claims are also properly removable to federal court under this Court's supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

10.     Here, Plaintiff's state and federal claims "derive from a common nucleus of operative fact," *Mineworkers v. Gibbs*, 383 U.S. 715, 725 (1966), namely, the reasons for Plaintiff's termination of employment and Plaintiff's claim that he was subject to discrimination. *See* Plaintiff's Complaint, attached as Composite Ex. A. As the Court has supplemental jurisdiction over Plaintiff's state law claims, those claims are properly removed to this Court. *See, e.g., Castellanos v. Starwood Vacation Ownership, Inc.*, 2015 WL 403274, at *3 (M.D. Fla. Jan. 8, 2015) (exercising supplemental jurisdiction in Family Medical Leave Act case over state law discrimination and retaliation claims).

3

11.     Copies of this Notice of Removal and a separate State Court Notice of Removal have been filed with the Clerk of the Circuit Court of the 11th Judicial Circuit and served on Plaintiff's counsel.

12.     This Notice of Removal is signed by undersigned counsel pursuant to Fed. R. Civ. P. 11.

**WHEREFORE,** Defendant Ransom Everglades School, Inc., gives notice that the above-styled case now pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, is removed therefrom to this Court.


Dated July 18, 2019

Respectfully submitted,

<u>s/ Ingrid H. Ponce</u>
INGRID H. PONCE, ESQ.
Florida Bar No.: 166774
JOANNE M. HEFT, ESQ.
Florida Bar No.: 1003923
*Attorneys for Defendant*
STEARNS   WEAVER   MILLER,   WEISSLER,
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street
Museum Tower, Suite 2200
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395
E-Mail: iponce@stearnsweaver.com
E-Mail: jheft@stearnsweaver.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July18, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System.  I further certify that the foregoing document is

4

being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/Ingrid H. Ponce*
INGRID H. PONCE, ESQ.

## SERVICE LIST

*ANTONIO RODRIGUEZ v. RANSOM EVERGLADES SCHOOL, INC., a Florida Not For Profit Corporation*

Peter M. Hoogerwoerd, Esq.
Florida Bar No.:  188239
E-mail:  pmh@rgpattorneys.com
Nathaly Saavedra, Esq.
Florida Bar. No.: 118315
E-mail: ns@rgpattorneys.com
Erin L. Haney, Esq.
Florida Bar No.: 1015865
E-mail: eh@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
COMEAU BUILDING
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone:  305-416-5000
Facsimile:  305-416-5005

*Attorneys for Plaintiff, Antonio Rodriguez*

*Served Via: CM/ECF*

#7541360 v1

6