# Exhibit  A

Filing # 91031281 E-Filed 06/13/2019 10:12:18 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI COUNTY, FLORIDA

ANTONIO RODRIGUEZ,

     Plaintiff,

vs.

                              Case No. 2019-017101-CA-01

RANSOM EVERGLADES SCHOOL, INC.,
a Florida Not For Profit Corporation,

     Defendant.

DATE 6/21    TIME 11:10 A
INITIALS: C    245

## SUMMONS IN A CIVIL CASE

**TO: RANSOM EVERGLADES SCHOOL, INC.,** through its Registered Agent:

     JOHNSON, ELIZABETH
     RANSOM EVERGLADES SCHOOL
     3575 MAIN HIGHWAY
     MIAMI, FL 33133

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

     PETER HOOGERWOERD, ESQ.
     REMER & GEORGES-PIERRE, PLLC.
     44 WEST FLAGLER STREET
     SUITE 2200
     MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

CLERK _DAeBo_

(BY) DEPUTY CLERK

6/17/2019
DATE

Filing # 90722094 E-Filed 06/06/2019 06:40:35 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA

ANTONIO RODRIGUEZ,

      Plaintiff,                    Case No.:

v.

RANSOM EVERGLADES SCHOOL,
a Florida Not For Profit Corporation,
      Defendant.

_____/

## COMPLAINT

Plaintiff, ANTONIO RODRIGUEZ ("Plaintiff"), by and through the undersigned counsel,

hereby sues Defendant, RANSOM EVERGLADES SCHOOL ("Defendant"), and in support avers

as follows:

### GENERAL ALLEGATIONS

1.     This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees

    or costs for damages under the Florida Civil Rights Act of 1992 (FCRA), Title VII of the

    Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), retaliation under the Fair

    Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and Florida Statute Section 760 to

    redress injury done to Plaintiff by the Defendant for discriminatory and retaliatory

    treatment on the basis of national origin and race.

2.     Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth

    above together with attorney's fees, costs and damages.

3.     At all times material hereto, Plaintiff was a resident of Miami Dade County, Florida.

4.     Plaintiff is a Hispanic individual from Venezuela and is, thus, a member of a protected

    class under the FCRA and Title VII because the he terms, conditions, and/or privileges of

his employment were altered because of national origin and race. Further, his status as an employee was affected because of his complaints of discrimination.

5.  Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (Fla. Stat. § 760.02(7) and Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)).

6.  Plaintiff was an employee covered by the FCRA and Title VII of the Civil Rights Act in that he was subjected to negative, disparate treatment by his employer based on his national origin, race and/or his complaints of discrimination.

7.  Venue is proper in Miami Dade County because all of the relevant actions that form the basis of this Complaint occurred within Miami Dade County.

8.  Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, which was dually filed with the Florida Commission on Human Relations.

9.  The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

10. All conditions precedent for the filing of this action before this Court have been met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff is a Hispanic male from Venezuela, employed by Defendant as a technician from approximately October 2010 through May 29, 2018.

12. Throughout his employment with Defendant, Plaintiff has performed the essential functions of his job in an exemplary fashion.

13. On or about 2016, Raymond Stewart (black American) became Plaintiff's new supervisor and CTO Chief Technology Officer) of Ransom Everglades School.

14. From the beginning of Stewart 's employment, Plaintiff experienced disparate treatment, bullying, harassment, humiliation, intimidation, and abuse.

15. Specifically, Stewart would speak in a condescending and demeaning manner to Plaintiff on a regular basis and make fun of Plaintiff's accent. Stewart did not speak in this manner to non-Hispanic employees.

16. Stewart used to throw packages aiming his private parts of the Plaintiff in front of the other employees making fun of him, disrespecting and degrading the Plaintiff. Upon Plaintiff's objections, Stewart responded with "I will send you back to Venezuela if I wanted to".

17. Furthermore, Stewart would not follow the progressive discipline policy with Plaintiff and gave Plaintiff a bad review. He then refused to allow Plaintiff to dispute the review that was issued.

18. Plaintiff made a complaint to Julie Duncan (White American) about the disparate and harassing treatment by Stewart . However, Duncan told Plaintiff that it would be best if he did not present a complaint or he would be subjected to further harassment.

19. Upon information and belief, no action was taken against Stewart .

20. On or about June 29, 2018, shortly after Plaintiff's complaints, Plaintiff was terminated due to the bad review that Stewart had given him.

21. Upon information and belief, Defendant's reason for termination (if any) is pretextual.

22. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.

## COUNT I
### *National Origin Discrimination in Violation of the FCRA*

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

24. Plaintiff is a member of a protected class under the FCRA.

25. As part of its protections, the FCRA prohibits national origin discrimination.

26. Plaintiff was at all times qualified for his original employment position as a technician.

27. Defendant's treatment of Plaintiff adversely affected Plaintiff's compensation, terms, conditions, privileges and/or status as an employee because of his national origin.

28. Plaintiff was treated adversely in comparison to similar situated employees. Most notably, he consistently was treated unequally in comparison to non-Venezuelans.

29. Defendant, as a subterfuge, actively sought out ways to justify reassigning and/or terminating Plaintiff.

30. Defendant's bases for the adverse conduct against Plaintiff, if any, are pretextual and illegitimate, asserted only to cloak the discriminatory nature of their conduct.

31. As a result of the complained conduct to which Plaintiff was subjected to and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits

adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *National Origin Discrimination in Violation of Title VII*

32. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-22 of this complaint as if set out in full herein.

33. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

34. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's national

origin.

35. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non- Venezuelan employees were allowed better work opportunities by not being subjected to unfair treatment.

36. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

37. Plaintiff was discriminated against by his supervisor because he was Venezuelan.

38. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

39. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

40. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his national origin in violation of Act with respect to its decision to treat Plaintiff different from other employees.

41. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was Venezuelan, in violation of the Act.

42. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

43. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's national origin.

44. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B. Reinstate Plaintiff to the same position he held before the discriminatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT III
### *Race Discrimination in Violation the FCRA*

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

46. Plaintiff is a member of a protected class under the FCRA.

47. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on race.

48. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff was Hispanic.

49. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

50. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

51. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

52. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

53. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

54. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

55. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Retaliation in Violation of the FCRA*

56. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

57. Plaintiff is a member of a protected class under the FCRA.

58. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

59. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's

protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex, national origin and/or disability was unlawful but acted in reckless disregard of the law.

60. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

61. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

62. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

C. Require Defendant to place Plaintiff to the position of full time Patrol Officer at the

rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement;

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT V
*Discrimination Based on Race in Violation of Title VII*

63. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-22 of this complaint as if set out in full herein.

64. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

65. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's race to wit, Hispanic.

66. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Hispanic employees were allowed better work opportunities by not being subjected to unfair treatment.

67. At the time of this treatment from employment, the Plaintiff did perform and excel at the

performance of the essential functions assigned to him by Defendant.

68. The Plaintiff was discriminated against by his supervisor because he was Hispanic.

69. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

70. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

71. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his national origin in violation of Act with respect to its decision to treat Plaintiff different from other employees.

72. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was Hispanic, in violation of the Act.

73. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

74. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's religion.

75. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their national origin. The discrimination on the basis of religion constitutes unlawful discrimination.

**WHEREFORE,** Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all

persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion.

B. Reinstate Plaintiff to the same position he held before the discriminatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

<u>**COUNT VI**</u>
*Retaliation in Violation of Title VII*

76. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1-22 of this complaint as if set out in full herein.

77. Plaintiff is a member of a protected class under Title VII, to wit he complained of discriminatory treatment.

78. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the Title VII.

79. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of

the law.

80. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

81. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

82. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

83. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated  June 6, 2019                          Respectfully submitted,

/s/Nathaly Saavedra_____
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
Nathaly Saavedra, Esq.
Florida Bar No.: 118315
ns@rgpattorneys.com
Erin L. Haney, Esq.
Florida Bar No.: 1015865
eh@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC.**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Filing # 92305003 E-Filed 07/10/2019 10:14:33 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR    MIAMI    DADE    COUNTY,
FLORIDA

ANTONIO RODRIGUEZ,                                CASE NO. 2019-017101-CA-01

      Plaintiff,

vs.

RANSOM EVERGLADES SCHOOL,
a Florida Not For Profit Corporation,

      Defendant.

_____/

## NOTICE OF APPEARANCE

INGRID H. PONCE, ESQUIRE of the law firm of Stearns Weaver Miller Weissler

Alhadeff & Sitterson, P.A., hereby gives notice of its appearance as counsel on behalf of

Defendant, RANSOM EVERGLADES SCHOOL, in the above-styled cause, and requests

that all pleadings, orders, and other matters be served on the undersigned counsel.

1

Respectfully submitted,

By: _s/Ingrid H. Ponce_____
     INGRID H. PONCE, ESQ.
     Florida Bar No.: 166774
     E-mail: iponce@stearnsweaver.com
     JOANNE M. HEFT, ESQ.
     Florida Bar No. 1003923
     E-mail: jheft@stearnsweaver.com
     STEARNS WEAVER MILLER WEISSLER
      ALHADEFF & SITTERSON, P.A.
     Museum Tower, Suite 2200
     150 West Flagler Street
     Miami, Florida 33130
     Telephone: (305) 789-3200
     Facsimile:  (305) 789-3395

     *Attorneys for Defendant RANSOM*
     *EVERGLADES SCHOOL*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of July, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served electronic mail via the E-Portal System to:  Peter M. Hoogerwoerd, Esquire, (pmb@rgpattorneys.com) Nathaly Saavedra, Esquire, (ns@rgpattorneys.com) and Erin L. Haney, Esquire, (eh@rgpattorneys.com) Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

     _/s/ Ingrid H. Ponce_____
     INGRID H. PONCE

#7538552 v1 32365 0016
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200  ▪  Miami, FL 33130  ▪ (305) 789-3200

Filing # 92306586 E-Filed 07/10/2019 10:27:21 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI DADE COUNTY,
FLORIDA

ANTONIO RODRIGUEZ,                                CASE NO. 2019-017101-CA-01

       Plaintiff,

vs.

RANSOM EVERGLADES SCHOOL,
a Florida Not For Profit Corporation,

       Defendant.

_____/

## NOTICE OF APPEARANCE

JOANNE M. HEFT, ESQUIRE of the law firm of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., hereby gives notice of its appearance as counsel on behalf of Defendant, RANSOM EVERGLADES SCHOOL, in the above-styled cause, and requests that all pleadings, orders, and other matters be served on the undersigned counsel.

1

Respectfully submitted,

By: *s/Joanne M. Heft*                    
     INGRID H. PONCE, ESQ.
     Florida Bar No.: 166774
     E-mail: iponce@stearnsweaver.com
     JOANNE M. HEFT
     Florida Bar No.: 1003923
     E-mail:  jheft@stearnsweaver.com
     STEARNS WEAVER MILLER WEISSLER
      ALHADEFF & SITTERSON, P.A.
     Museum Tower, Suite 2200
     150 West Flagler Street
     Miami, Florida 33130
     Telephone: (305) 789-3200
     Facsimile:  (305) 789-3395

     *Attorneys for Defendant RANSOM*
     *EVERGLADES SCHOOL*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of July, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served electronic mail via the E-Portal System to:  Peter M. Hoogerwoerd, Esquire, (pmb@rgpattorneys.com) Nathaly Saavedra, Esquire, (ns@rgpattorneys.com) and Erin L. Haney, Esquire, (eh@rgpattorneys.com) Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

               */s/ Joanne M. Heft*       
               JOANNE M. HEFT

2

#7538555 v1 32365 0016

Filing # 92307107 E-Filed 07/10/2019 10:31:56 AM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ANTONIO RODRIGUEZ,                          CASE NO. 2019-017101-CA-01

       Plaintiff,

vs.

RANSOM EVERGLADES SCHOOL,
a Florida Not For Profit Corporation,

       Defendant.

_____/

## DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, RANSOM EVERGLADES SCHOOL ("Ransom" or "Defendant"), respectfully moves the Court for an extension of time to file its response to Plaintiff's Complaint. Good cause exists for the granting of this motion, as set forth herein.

1. On June 21, 2019, Ransom was served with Plaintiff's Complaint.

2. Ransom's response to the Complaint is due July 11, 2019.

3. Undersigned counsel requires additional time to prepare Ransom's response.

4. Accordingly, Ransom respectfully requests a brief extension of time through and including July 18, 2019, within which to file its response to Plaintiff's Complaint.

5. Undersigned counsel has conferred with Plaintiff's counsel, Nathaly Saavedra, Esq., who has authorized undersigned counsel to represent that Plaintiff has no objection to this request.

6. This motion is filed in good faith, not for the purpose of delay, and will not prejudice any of the parties.

**WHEREFORE**, Defendant, Ransom Everglades School, respectfully requests an extension of time, through and including July 18, 2019, within which to file its response to Plaintiff's Complaint, together with such other and further relief as the Court deems just.

Dated:     July 10, 2019
           Miami, Florida

                          Respectfully submitted,

                          By:  *s/Ingrid H. Ponce*
                               INGRID H. PONCE, ESQ.
                               Florida Bar No.: 166774
                               E-mail: iponce@stearnsweaver.com
                               JOANNE M. HEFT, ESQ.
                               Florida Bar No. 1003923
                               E-mail: jheft@stearnsweaver.com
                               STEARNS WEAVER MILLER WEISSLER
                                 ALHADEFF & SITTERSON, P.A.
                               Museum Tower, Suite 2200
                               150 West Flagler Street
                               Miami, Florida 33130
                               Telephone: (305) 789-3200
                               Facsimile:  (305) 789-3395

                               *Attorneys for Defendant RANSOM*
                               *EVERGLADES SCHOOL*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of July, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served electronic mail via the E-Portal System to:  Peter M. Hoogerwoerd, Esquire, (pmb@rgpattorneys.com) Nathaly Saavedra, Esquire, (ns@rgpattorneys.com) and Erin L. Haney, Esquire, (eh@rgpattorneys.com) Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

                               */s/ Ingrid H. Ponce*
                               INGRID H. PONCE

# EXHIBIT A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI DADE COUNTY,
FLORIDA

ANTONIO RODRIGUEZ,

      Plaintiff,

vs.

RANSOM EVERGLADES SCHOOL,
a Florida Not For Profit Corporation,

      Defendant.

_____/

CASE NO. 2019-017101-CA-01

## AGREED ORDER ON DEFENDANT, RANSOM EVERGLADES SCHOOL'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

THIS CAUSE having come before the Court on Defendant, Ransom Everglades School's, Motion for Extension of Time to Respond to Plaintiff's Complaint, and the Court being fully advised in the premises, it is hereby:

ORDERED and ADJUDGED that the Defendant shall respond to Plaintiff's Complaint on or before July 18, 2019.

DONE AND ORDERED in Miami-Dade County, Florida this ___ day of July, 2019.

_____
CIRCUIT COURT JUDGE

4

Filing # 92315417 E-Filed 07/10/2019 11:33:06 AM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO.: <u>2019-017101-CA-01</u>
SECTION: <u>CA30</u>
JUDGE: <u>Reemberto Diaz</u>

**Antonio Rodriguez**

Plaintiff(s) / Petitioner(s)

vs.

**Ransom Everglades School**

Defendant(s) / Respondent(s)

_____/

## <u>AGREED ORDER ON DEFENDANT, RANSOM EVERGLADES SCHOOL'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT</u>

THIS CAUSE having come before the Court on Defendant, Ransom Everglades School's, Motion for Extension of Time to Respond to Plaintiff's Complaint, and the Court being fully advised in the premises, it is hereby:

ORDERED and ADJUDGED that the Defendant shall respond to Plaintiff's Complaint on or before July 18, 2019.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>10th day of July, 2019</u>.

<u>2019-017101-CA-01 07-10-2019 11:28 AM</u>
Hon. Reemberto Diaz

**CIRCUIT COURT JUDGE**
Electronically Signed

> No Further Judicial Action Required on **THIS MOTION**
>
> CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Copies Furnished To:**
Erin L. Haney, Esq. , Email : eh@rgpattorneys.com
Erin L. Haney, Esq. , Email : pmhassistant@rgpattorneys.com
Ingrid H. Ponce , Email : lojeda@stearnsweaver.com
Ingrid H. Ponce , Email : iponce@stearnsweaver.com
Joanne M. Heft , Email : jheft@stearnsweaver.com
Joanne M. Heft , Email : dshirley@stearnsweaver.com
Nathaly Saavedra , Email : pmh@rgpattorneys.com
Nathaly Saavedra , Email : ns@rgpattorneys.com
Nathaly Saavedra , Email : pmhassistant@rgpattorneys.com
Peter M. Hoogerwoerd, Esq. , Email : pmh@rgpattorneys.com

Filing # 92336838 E-Filed 07/10/2019 02:42:40 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR   MIAMI   DADE   COUNTY,
FLORIDA

ANTONIO RODRIGUEZ,                              CASE NO. 2019-017101-CA-01

      Plaintiff,

vs.

RANSOM EVERGLADES SCHOOL,
a Florida Not For Profit Corporation,

      Defendant.

_____/

## NOTICE OF UNAVAILABILITY

**PLEASE TAKE NOTICE** that the undersigned counsel is unavailable July 16-26,

2019. Undersigned counsel respectfully requests that matters requiring the appearance of

counsel (hearings, depositions, and other proceedings) not be scheduled on the above-noted

dates.

1

Respectfully submitted,

By:  *s/Ingrid H. Ponce*
    INGRID H. PONCE, ESQ.
    Florida Bar No.: 166774
    E-mail: iponce@stearnsweaver.com
    JOANNE M. HEFT, ESQ.
    Florida Bar No. 1003923
    E-mail: jheft@stearnsweaver.com
    STEARNS WEAVER MILLER WEISSLER
     ALHADEFF & SITTERSON, P.A.
    Museum Tower, Suite 2200
    150 West Flagler Street
    Miami, Florida 33130
    Telephone: (305) 789-3200
    Facsimile:  (305) 789-3395

*Attorneys for Defendant RANSOM*
*EVERGLADES SCHOOL*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of July, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served electronic mail via the E-Portal System to:  Peter M. Hoogerwoerd, Esquire, (pmb@rgpattorneys.com) Nathaly Saavedra, Esquire, (ns@rgpattorneys.com) and Erin L. Haney, Esquire, (eh@rgpattorneys.com) Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

    */s/ Ingrid H. Ponce*
    INGRID H. PONCE

2

Filing # 92393721 E-Filed 07/11/2019 12:36:31 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI DADE COUNTY,
FLORIDA

ANTONIO RODRIGUEZ,

CASE NO. 2019-017101-CA-01

      Plaintiff,

vs.

RANSOM EVERGLADES SCHOOL,
a Florida Not For Profit Corporation,

      Defendant.

_____/

## AMENDED NOTICE OF UNAVAILABILITY

**PLEASE TAKE NOTICE** that the undersigned counsel is unavailable July 16-26,

2019 and August 7-14, 2019. Undersigned counsel respectfully requests that matters

requiring the appearance of counsel (hearings, depositions, and other proceedings) not be

scheduled on the above-noted dates.

1

Respectfully submitted,

By: *s/Ingrid H. Ponce*
    INGRID H. PONCE, ESQ.
    Florida Bar No.: 166774
    E-mail: iponce@stearnsweaver.com
    JOANNE M. HEFT, ESQ.
    Florida Bar No. 1003923
    E-mail: jheft@stearnsweaver.com
    STEARNS WEAVER MILLER WEISSLER
     ALHADEFF & SITTERSON, P.A.
    Museum Tower, Suite 2200
    150 West Flagler Street
    Miami, Florida 33130
    Telephone: (305) 789-3200
    Facsimile:  (305) 789-3395

    *Attorneys for Defendant RANSOM*
    *EVERGLADES SCHOOL*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of July, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served electronic mail via the E-Portal System to:  Peter M. Hoogerwoerd, Esquire, (pmb@rgpattorneys.com) Nathaly Saavedra, Esquire, (ns@rgpattorneys.com) and Erin L. Haney, Esquire, (eh@rgpattorneys.com) Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

    */s/ Ingrid H. Ponce*
    INGRID H. PONCE

2